UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA KIRSCHSIEPER and ROLF KIRSCHSIEPER | Civil Case No.: 16 cv 2280 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MARTIN D'HALLUIN and JAMIE KEATING, individually | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiffs, ANDREA KIRSCHSIEPER and ROLF KIRSCHSIEPER, through undersigned counsel, and complaining of the Defendants, MARTIN D'HALLUIN and JAMIE KEATING, allege and aver the following:

## NATURE OF THE ACTION

1. This action is brought to redress injuries sustained by Plaintiffs, ANDREA KIRSCHSIEPER and ROLF KIRSCHSIEPER, as a result of the negligence and breach of the duty of care by Defendants, MARTIN D'HALLUIN and JAMIES KEATING, in the operation and ownership of a motor vehicle, respectively. Defendant, MARTIN D'HALLUIN, while operating a vehicle owned by Defendant, JAMIE KEATING, and while running a red light, collided with the vehicle in which the Plaintiffs were passengers that was being being lawfully operated at the time.

## JURISDICTION, PARTIES, AND VENUE

2. Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy as set forth herein.

3.      The matter in controversy exceeds the sum or value of §75,000.00, exclusive of interest and costs, and is between citizens of a foreign state and citizens of a territorial state of the United States, thereby establishing original jurisdiction pursuant to 28 U.S.C. § 1332.

4.      Plaintiff, Andrea Kirschsieper (hereinafter referred to as "Mrs. Kirschsieper" or "Plaintiff), resides in and is a citizen of the Federal Republic of Germany within the meaning of 28 U.S.C. 1332(a).

5.      Plaintiff, Rolf Kirschsieper (hereinafter referred to as "Mrs. Kirschsieper" or "Plaintiff), resides in and is a citizen of the Federal Republic of Germany within the meaning of 28 U.S.C. 1332(a).

6.      Upon information and belief, Defendant, Martin D'Halluin, is believed to be a resident of the city of Boston within the Commonwealth of Massachusetts within the meaning of 28 U.S.C. 1332(a), residing at 69 Jay Street, Boston Massachusetts 02119.

7.      The Court has personal jurisdiction over Defendant, Martin D'Halluin, because he committed a tortious act within the state.

8.       Upon information and belief, Jamie Keating is believed to be a resident of New York City within the State of New York within the meaning of 28 U.S.C. 1332(a), residing at 105 Montague Street, Brooklyn, New York 11201.

9.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, inasmuch as the events or omissions giving rise to the claim occurred within the judicial district.

**FACTUAL ALLEGATIONS**

10.     On or about March 31, 2013, Andrea Kirschsieper (hereinafter referred to as "Mrs. Kirschsieper" or "Plaintiffs") and her husband, Rolf Kirschsieper (hereinafter referred to as "Mr. Kirschsieper" or "Plaintiffs") were on vacation in New York City and were passengers in a taxi cab

travelling eastbound on E. Houston Street towards the intersection with Essex Street in New York City, New York.

11.     On or about March 31, 2013, Defendant, Martin D'Halluin (hereinafter referred to as "Mr. D'Halluin" or collectively as "Defendants") was negligently and recklessly operating a motor vehicle without a valid driver's license, in a southbound direction on Essex Street towards the intersection with East Houston Street in New York City, New York (hereinafter referred to as "the intersection").

12.     The vehicle being operated by Mr. D'Halluin was a 2010 Volkswagen (hereinafter referred to as "the motor vehicle"), which was registered to and owned by Defendant, Jamie Keating (hereinafter referred to as "Ms. Keating" or collectively as "Defendants"), who was a passenger in the vehicle.[1]

13.     The motor vehicle was operated by Mr. D'Halluin with the permission of Ms. Keating.

14.     It was the duty of the Defendants, Mr. D'Halluin and Ms. Keating, to exercise due care in the operation of said motor vehicle and to avoid foreseeable injuries to others.

15.     However, Mr. D'Halluin negligently and recklessly entered the intersection while operating the motor vehicle while traffic was backed up, and then attempted to proceed through the intersection against a red light.

16.     Plaintiffs' taxi, being operated by the taxi driver with due care and caution, reached said intersection on a steady green light.

17.     As a direct and proximate result of the lack of due care and caution by Mr. D'Halluin, the motor vehicle driven by Defendant Martin D'Halluin struck the Plaintiff's taxi, causing serious personal and permanent injuries to Mrs. Kirschsieper.

---

[1] The license plate number of the vehicle, as noted in the police accident report, is somewhat illegible, but is believed to be GEH82Y5.  The vehicle model is abbreviated, but believed to be a Passat.

18.     The aforesaid occurrence took place without any fault or negligence on the part of the Plaintiffs.

19.     As a direct and proximate result, Plaintiff Andrea Kirschsieper sustained a left shoulder injury and injury to her right dominant thumb.

20.     Mr. Kirschsieper immediately sought medical treatment at the New York Downtown Hospital in New York, New York, where she received medical treatment for her left shoulder and right thumb.

21.     As a direct and proximate result of Defendants' negligence, Plaintiff Andrea Kirschsieper's functional mobility was impacted by pain, resulting in limited ability to perform daily tasks.

22.     As a direct and proximate result of Defendants' negligence, the Plaintiffs were unable to enjoy the remaining time of their vacation in New York.

23.     Upon returning to Germany, Mrs. Kirschsieper had to undergo a lengthy follow up treatment because of her persistent pain.

24.     To this day, the strength of Plaintiff Andrea Kirschsieper's right hand is considerably reduced with the mobility of her right dominant thumb being permanently restricted.

### AS AND FOR A FIRST CLAIM ON BEHALF OF
### ANDREA KIRSCHSIEPER AGAINST MARTIN D'HALLUIN

25.     Paragraphs 1 – 24 are realleged as though set forth herein.

26.     At all times, Mr. D'Halluin violated the duty of care owed to others on the public roadways in the City of New York, State of New York.

27.     That a result of the careless, reckless, and negligent operation of the motor vehicle by Mr. D'Halluin, Mr. D'Halluin caused the aforementioned occurrence on March 31, 2013 and resulting personal and permanent injuries to Mrs. Kirschsieper.

28.  The aforementioned occurrence resulted from the following acts of omission or commission of Defendant, Mr. D'Halluin:

    a.  The negligent and/or reckless operation of the motor vehicle;

    b.  By improperly entering an intersection in heavy traffic;

    c.  In disregarding traffic conditions then and there existing;

    d.  In operating the motor vehicle without due regard for the rights and safety of the Plaintiffs and other persons;

    e.  In operating the motor vehicle without a valid driving license and, therefore, being unfit to operate the motor vehicle;

    f.  In operating the motor vehicle in a manner which unreasonably endangered the Plaintiffs and other persons;

    g.  In failing to steer, guide, manage and control the motor vehicle;

    h.  In operating same at a rate of speed greater than what was reasonable and proper at the time and place of the occurrence;

    i.  In failing to apply the brakes or slow down or stop in a manner as would have prevented the occurrence;

    j.  In failing to have made adequate and timely observation of and response to traffic and driving conditions under the circumstances;

    k.  In failing to observe signs and signals regulating the flow of traffic at the time and place of the occurrence;

    l.  In failing to obey a traffic control device by running a red light;

    m.  In failing to keep a proper look-out when controlling the motor vehicle;

    n.  In operating the motor vehicle in violation of the traffic rules, regulations, statutes and ordinances in such cases made and provided;

    o. In operating the motor vehicle in a manner that caused it to strike the side of the taxi in which Plaintiffs were passengers;

    p. In failing to stop the motor vehicle and/or take appropriate and timely evasive action so as to avoid striking the taxi cab in which Plaintiffs were passengers;

    q. In failing to slow down and/or stop the motor vehicle with reasonable care and diligence upon approaching the intersection;

    r. In driving and operating the motor vehicle wkithout keeping a proper lookout and watch and looking to the side;

    s. In failing to yield the right of way to traffic in the intersection;

    t. In failing to use and apply the brakes, safety devices, and steering apparatus to control the motor vehicle;

    u. In failing to operate the motor vehicle as a prudent person would under the circumstances;

    v. In being otherwise careless, reckless, and negligent in the operation of the motor vehicle; and

    w. In all other respects not known to Plaintiffs, but which may become known prior to or at the time of trial of this matter.

29. As direct and proximate result of one or more of these aforesaid acts of omission or commission, Plaintiff, Andrea Kirschsieper, suffered and continues to suffer serious injury within the meaning of the New York No-Fault Statute NY INS § 5102 (d), namely, a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function.

30. As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Andrea Kirschsieper, suffered and continues to suffer a serious permanent

bodily injury, enduring pain and suffering, inconvenience, disability, future medical intervention and potential permanent scarring, mental anguish, and loss of capacity for the enjoyment of life.

31. As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Andrea Kirschsieper, suffered and continues to suffer the expense of medical and nursing care and treatment, as well as the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein.

32. That by reason of the foregoing, Plaintiff, Andrea Kirschsieper, is entitled to recovery from Defendant, Martin D'Halluin, for all of the damages she has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Andrea Kirschsieper, demands that judgment be entered against Defendant, Martin D'Halluin, for money damages, cost of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that she has suffered and continues to suffer, including actual and exemplary damages.

**AS AND FOR A SECOND CLAIM ON BEHALF OF ANDREA KIRSCHSIEPER AGAINST JAMIE KEATING PURSUANT TO NEW YORK VEHICLE AND TRAFFIC LAWS, § 388**

33. Paragraphs 1 – 32 are realleged as though set forth herein.

34. Defendant, Ms. Keating, is the owner of the motor vehicle operated by Defendant, Mr. D'Halluin, that struck the taxi in which the Plaintiffs were passengers.

35. With respect to the ownership of a motor vehicle in the state of New York, New York Vehicle and Traffic Law § 388 provides as follows:

Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such

vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

36. New York Vehicle and Traffic Law § 388 further provides that the owner of a motor vehicle that causes injuries due the negligence in the use or operation of the vehicle shall be jointly and severally liable for such injuries.

37. At all times, Mr. D'Halluin violated the duty of care owed to others on the public roadways in the City of New York, State of New York while operating the motor vehicle owned by Ms. Keating.

38. That a result of the careless, reckless, and negligent operation of the motor vehicle by Mr. D'Halluin, Mr. D'Halluin caused the aforementioned occurrence on March 31, 2013 and resulting personal and permanent injuries to Mrs. Kirschsieper while operating the motor vehicle owned by Ms. Keating.

39. The aforementioned occurrence resulted from the following acts of omission or commission of Defendant, Mr. D'Halluin:

  a. The negligent and/or reckless operation of the motor vehicle;

  b. By improperly entering an intersection in heavy traffic;

  c. In disregarding traffic conditions then and there existing;

  d. In operating the motor vehicle without due regard for the rights and safety of the Plaintiffs and other persons;

  e. In operating the motor vehicle without a valid driving license and, therefore, being unfit to operate the motor vehicle;

  f. In operating the motor vehicle in a manner which unreasonably endangered the Plaintiffs and other persons;

  g. In failing to steer, guide, manage and control the motor vehicle;

h. In operating same at a rate of speed greater than what was reasonable and proper at the time and place of the occurrence;

i. In failing to apply the brakes or slow down or stop in a manner as would have prevented the occurrence;

j. In failing to have made adequate and timely observation of and response to traffic and driving conditions under the circumstances;

k. In failing to observe signs and signals regulating the flow of traffic at the time and place of the occurrence;

l. In failing to obey a traffic control device by running a red light;

m. In failing to keep a proper look-out when controlling the motor vehicle;

n. In operating the motor vehicle in violation of the traffic rules, regulations, statutes and ordinances in such cases made and provided;

o. In operating the motor vehicle in a manner that caused it to strike the side of the taxi in which Plaintiffs were passengers;

p. In failing to stop the motor vehicle and/or take appropriate and timely evasive action so as to avoid striking the taxi cab in which Plaintiffs were passengers;

q. In failing to slow down and/or stop the motor vehicle with reasonable care and diligence upon approaching the intersection;

r. In driving and operating the motor vehicle without keeping a proper lookout and watch and looking to the side;

s. In failing to yield the right of way to traffic in the intersection;

t. In failing to use and apply the brakes, safety devices, and steering apparatus to control the motor vehicle;

u. In failing to operate the motor vehicle as a prudent person would under the circumstances;

v. In being otherwise careless, reckless, and negligent in the operation of the motor vehicle; and

w. In all other respects not known to Plaintiffs, but which may become known prior to or at the time of trial of this matter.

40. The aforementioned occurrence further resulted from the following acts of omission or commission of Defendant, Ms. Keating:

a. In her negligent ownership, maintenance, and/or or control of the motor vehicle;

b. In failing to ensure that Mr. D'Halluin was properly licensed to operate her motor vehicle on the roadways of the city of New York, state of New York;

c. In failing to ensure that Mr. D'Halluin was fit to operate the motor vehicle on the roadways of the city of New York, state of New York; and

d. In failing to act as a reasonably prudent person in entrusting the operation of the motor vehicle to Mr. D'Halluin.

41. As direct and proximate result of one or more of these aforesaid acts of omission or commission, Plaintiff, Andrea Kirschsieper, suffered and continues to suffer serious injury within the meaning of the New York No-Fault Statute NY INS § 5102 (d), namely, a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function.

42. As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Andrea Kirschsieper, suffered and continues to suffer a serious permanent bodily injury, enduring pain and suffering, inconvenience, disability, future medical intervention and potential permanent scarring, mental anguish, and loss of capacity for the enjoyment of life.

43. As a direct and proximate result of one or more of the aforesaid acts of omission or commission, Plaintiff, Andrea Kirschsieper, suffered and continues to suffer the expense of medical and nursing care and treatment, as well as the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein.

44. That by reason of Defendant, Jamie Keating's ownership of the motor vehicle that struck the taxi in which the Plaintiffs were passengers, under New York Vehicle and Traffic Law § 388, Ms. Keating is liable to Mrs. Kirschsieper for the injuries she sustained in the afore-mentioned occurrence.

45. That by reason of the foregoing, Plaintiff, Andrea Kirschsieper, is entitled to recovery from Defendant, Jamie Keating, for all of the damages she has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Andrea Kirschsieper, demands that judgment be entered against Defendant, Jamie Keating, for money damages, cost of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that she has suffered and continues to suffer, including actual and exemplary damages.

### AS AND FOR A THIRD CLAIM ON BEHALF OF
### ROLF KIRSCHSIEPER AGAINST MARTIN D'HALLUIN

46. Paragraphs 1 – 32 are realleged as though set forth herein.

47. That at all times heretofore mentioned, Mr. Kirschsieper was the lawful spouse of Plaintiff, Mrs. Kirschsieper.

48. That as the lawful spouse of Plaintiff, Mrs. Kirschsieper, Mr. Kirschsieper was and is entitled to the love, society, companionship, services, consortium, affection, attention, and support of his wife.

49. That as a result of the aforesaid occurrence, Mr. Kirschsieper has been deprived and will in the future be deprived of the love, society, companionship, services, consortium, affection, attention, and support of his wife, and Mr. Kirschsieper was otherwise damaged.

50. That by reason of the foregoing, Plaintiff, Rolf Kirschsieper, is entitled to recover from the Defendant, Martin D'Halluin, for all of the damages which he has suffered and will continue to suffer due to the deprivation of the love, society, companionship, services, consortium, affection, attention, and support of his wife.

51. That by reason of the foregoing, Plaintiff, Rolf Kirschsieper, is entitled to recover from the Defendant, Martin D'Halluin, for the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein.

52. That by reason of the foregoing, Plaintiff, Rolf Kirschsieper, is entitled to recovery from Defendant, Martin D'Halluin, for all of the damages he has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Rolf Kirschsieper, demands that judgment be entered against Defendant, Martin D'Halluin, for money damages, cost of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that he has suffered and continues to suffer, including actual and exemplary damages.

### AS AND FOR A THIRD CLAIM ON BEHALF OF ROLF KIRSCHSIEPER AGAINST JAMIE KEATING

53. Paragraphs 1 – 45 are realleged as though set forth herein.

54. That at all times heretofore mentioned, Mr. Kirschsieper was the lawful spouse of Plaintiff, Mrs. Kirschsieper.

55. That as the lawful spouse of Plaintiff, Mrs. Kirschsieper, Mr. Kirschsieper was and is entitled to the love, society, companionship, services, consortium, affection, attention, and support of his wife.

56. That as a result of the aforesaid occurrence, Mr. Kirschsieper has been deprived and will in the future be deprived of the love, society, companionship, services, consortium, affection, attention, and support of his wife, and Mr. Kirschsieper was otherwise damaged.

57. That by reason of the foregoing, Plaintiff, Rolf Kirschsieper, is entitled to recover from the Defendant, Jamie Keating, for all of the damages which he has suffered and will continue to suffer due to the deprivation of the love, society, companionship, services, consortium, affection, attention, and support of his wife.

58. That by reason of the foregoing, Plaintiff, Rolf Kirschsieper, is entitled to recover from the Defendant, Jamie Keating, for the pecuniary loss as it relates to the expense of the vacation that was ruined due to the events recited herein.

59. That by reason of the foregoing, Plaintiff, Roff Kirschsieper, is entitled to recovery from Defendant, Jamie Keating, for all of the damages he has suffered and will continue to suffer, including actual and exemplary damages, costs, interest, and such other relief as this court may deem just and appropriate.

WHEREFORE, Plaintiff, Rolf Kirschsieper, demands that judgment be entered against Defendant, Jamie Keating, for money damages, cost of suit, pre-judgment interest, and such other relief as this court may deem just and appropriate for all of the damages that he has suffered and continues to suffer, including actual and exemplary damages.

**DEMAND FOR JURY TRIAL**

Plaintiffs, ANDREA KIRSCHSIEPER and ROLF KIRSCHSIEPER, hereby demand a trial by jury on all issues so triable.

DATED: March 29, 2016                    Respectfully submitted,

                                              By:    s/ Michael R. Jackson
                                                   **Michael R. Jackson**
                                                   Florida Bar No. 0161632
                                                 **THE JACKSON LAW FIRM, P.A.**
                                                 1201 S. Orlando Avenue, Suite 201
                                                 Winter Park, Florida 32789
                                                 Telephone: 321-972-8820
                                                 Facsimile: 321-972-8821
                                                 Email:  mjackson@jacksonlawfirm.net

                                                 *PRO HAC VICE APPLICATION PENDING*