# The Jackson Law Firm, P.A.

Jackson Law International



**MAIN OFFICE**

**FLORIDA**

1201 S. ORLANDO AVE.
SUITE 201
WINTER PARK, FL 32789
TEL: (321) 972—8820
FAX: (321) 972—8821

**CALIFORNIA**

1901 FIRST AVENUE
SUITE 208
SAN DIEGO, CA 92101
TEL: (619) 663—5620
FAX: (619) 663—5621

**LOUISIANA**

650 POYDRAS STREET
SUITE 1400
NEW ORLEANS, LA 70130
TEL: (504) 327—7370
FAX: (504) 910—7379



Life Member
MILLION DOLLAR
ADVOCATES FORUM®



Life Member
MULTI-MILLION
DOLLAR ADVOCATES
FORUM®
The Top Trial
Lawyers In America®

www.jacksonlawfirm.net



Reply to: Florida Office

February 10, 2017

*Via ECF*

United States District Court
Southern District of New York
Attn: Honorable Ronnie Abrams
United States District Judge
40 Foley Square, Room 2203
New York, New York 10007

  **Re.:** **Andrea and Rolf Kirschsieper v. Martin D'Halluin and Jamie Keating.**
     **Docket Number: 1:16-cv-2280-RA**
     **JLFPA File No.: 0575.001**

Your Honor:

Counsel for all parties had an opportunity to confer and prepare a Joint Letter and Case Management Plan and Scheduling Order, which is hereby submitted on behalf of the parties, Plaintiffs, Andrea Kirschsieper and Rolf Kirschsieper, and Defendants, Martin D'Halluin and Jamie Keating, to the Court. In response to the Order and Notice of Initial Conference, the parties submit to the Court the following information:

1. Brief Description of the Action and Defenses thereto.

On March 31, 2013, Andrea Kirschsieper and her husband, Rolf Kirschsieper were on vacation in New York City and were passengers in a taxi cab travelling eastbound on E. Houston Street towards the intersection with Essex Street in New York City, New York. On that day, Defendant, Martin D'Halluin, was travelling in a southbound direction on Essex Street towards the intersection with East Houston Street in New York City, New York. The vehicle being operated by Mr.

D'Halluin was registered to and owned by Defendant, Jaime Keating, who was a passenger in the vehicle.

The Amended Complaint alleges that Mr. D'Halluin negligently and recklessly entered the intersection while operating the motor vehicle while traffic was backed up, and then attempted to proceed through the intersection against a red light. Conversely, Plaintiffs' taxi reached the intersection on a steady green light. As a direct and proximate result of the lack of due care and caution by Mr. D'Halluin, the Plaintiffs have alleged that the motor vehicle driven by Defendant Martin D'Halluin struck the Plaintiffs' taxi, causing serious personal and permanent injuries to Mrs. Kirschsieper.

As a result of this incident, Plaintiff Andrea Kirschsieper allegedly sustained a left shoulder injury and injury to her right dominant thumb, and she immediately sought medical treatment at the New York Downtown Hospital in New York, New York. Upon returning to Germany, Mrs. Kirschsieper allegedly had to undergo a lengthy follow up treatment because of her persistent pain. To this day, the strength of Plaintiff Andrea Kirschsieper's right hand is allegedly considerably reduced with the mobility of her right dominant thumb being permanently restricted.

The Defendants have interposed an Answer to Plaintiffs' Amended Complaint containing Affirmative Defenses, which: (1) assert culpable conduct on the part of the Plaintiffs; (2) contest service and thereby contest jurisdiction; and (3) contend that the Plaintiffs were not properly restrained via seatbelt.

2. Jurisdiction and Venue.

Suit was brought in this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as alleged within the Complaint. The Court has personal jurisdiction over the Defendants, Martin D'Halluin and Jaime Keating, because the tortious acts were committed within,

and the Defendants are residents of, the state. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, inasmuch as the events or omissions giving rise to the claim occurred within the judicial district.

3. Contemplated Motions.

   Plaintiffs contemplate bringing a motion for summary judgment on the issue of liability, relative to Martin D'Halluin's alleged negligent conduct in causing the motor vehicle accident at issue. Should Defendants not withdraw affirmative defense number 2, Plaintiffs will pursue a motion thereon.

4. Discovery.

   No discovery has occurred to date. Defendants have served Plaintiffs with written discovery, which they intend to withdraw and refile at a later date.

   The defense will seek to depose the Plaintiffs, Andrea and Rolf Kirschsieper, while the Plaintiffs will seek to depose Defendants, Martin D'Halluin and Jamie Keating. The defense will potentially depose treating health care providers, both in the United States following the motor vehicle accident, as well as those in Germany. With respect to those treating physicians in Germany, the Plaintiffs will seek to take trial depositions for purposes of utilizing those video-graphic depositions at the time of trial in lieu of live testimony of those physicians. Finally, the Plaintiffs will have an expert witness to speak to Andrea Kirschsieper's injuries, whom the defense will likely wish to depose. Conversely, the defense will conduct an Independent Medical Examination of Andrea Kirschsieper, which, in turn, would lead to a deposition of this expert witness. Depending upon counsel's ability to reach agreements with respect to the medical records from Germany, the parties may be able to forego any records custodian depositions relating thereto.

    The Plaintiffs will also take the deposition of the taxi driver who was driving the vehicle in which the Plaintiffs were travelling, when the vehicle was struck by Martin D'Halluin, and the police offer at the scene of the accident who prepared the police report thereon.

    The Plaintiffs will offer testimony from Andrea Kirschsieper's employer to speak to the employment-related component of her injuries, as well as an expert to speak to the resulting financial damages. The defense will likely wish to depose these individuals.

    Finally, it is anticipated that the Plaintiffs will have a family member speak to the manner in which the injuries have impacted Andrea Kirschsieper's life. The defense may wish to depose this individual.

5. Settlement Discussions.

    No settlement discussions have occurred to date.

6. Estimated Length of Trial.

    While this matter presents the Court with a vehicular accident involving primarily the injuries of Andrea Kirschsieper, there are issues related to the need for translation services, as discussed below, that will impact the length of trial.

    As such, it is anticipated that the trial of this matter could take 3-4 days.

7. Additional Information.

    The Plaintiffs are foreign nationals, being citizens of the Federal Republic of Germany. Their native language is German, and they will need to employ the services of a translator for their testimony. For the

same reason, any witnesses from Germany in this matter will require the same accommodation.

The use of translators slows down the discovery process and a trial. For that reason, this case will require a greater degree of time for purposes of completing discovery and with respect to the actual trial period.

Thank you for your consideration of this information on behalf of the parties involved in this matter.

Sincerely,

Michael R. Jackson


/s [signed with permission of Ms. Duncan]
Law Office of Dennis C. Bartling
By Susan Duncan, Esq.
For Defendants
Martin D'Halluin and Jamie Keating